1 Charles M. Louderback, SBN 88788
Stacey L. Pratt, SBN 124892
2 LOUDERBACK LAW GROUP
44 Montgomery Street, Suite 2970
3 San Francisco, CA 94104
Telephone: (415) 615-0200
4 Facsimile: (415) 233-4775
E-Mail: clouderback@louderbackgroup.com
5         spratt@louderbackgroup.com

Attorneys for Plaintiff
STEVEN BUSTER

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN K. BUSTER,<br><br>Plaintiff,<br><br>v.<br><br>COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF MECHANICS BANK; MECHANICS BANK SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN, MECHANICS BANK, a California Corporation,<br><br>Defendants. | **Case No.**<br><br>**COMPLAINT (ERISA)**<br><br>**(1) FAILURE TO PAY BENEFITS DUE UNDER THE PLAN;**<br>**(2) EQUITABLE ESTOPPEL** |

Plaintiff STEVEN K. BUSTER ("Plaintiff") complains against Defendants COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF MECHANICS BANK ("the Committee"); MECHANICS BANK SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN (the "SERP"), MECHANICS BANK, a California Corporation (the "Bank") and alleges as follows:

**INTRODUCTION**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001, *et seq.,* against Mechanics Bank, the Bank's Compensation Committee of its Board of Directors, and the Mechanics Bank Supplemental Executive Retirement Plan (collectively the "Defendants").

## JURISDICTION

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

## INTRADISTRICT ASSIGNMENT

3. Venue with respect to this action lies in the United States District Court for the Northern District of California in either the San Francisco or Oakland Divisions, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Civil L.R. 3-2 (c) and (d), because the SERP was administered in Contra Costa County, and a substantial part of the events or omissions which give rise to the claims occurred in Contra Costa County, California, within this district, and Defendants are located in this district.

## THE PARTIES

4. Plaintiff, pursuant to Sections 502(a)(1)(B), (2) and (3) of ERISA, 29 U.S.C. § 1132(a)(1)(B), (2) and (3), is empowered to bring this action to secure his promised pension benefits under the SERP.

5. Defendant Bank is a California banking corporation with its headquarters in Richmond, California. At all relevant times, Bank was the SERP sponsor and entity responsible for satisfying the SERP's benefit obligations from its (the Bank's) general assets.

6. The Committee is the Compensation Committee for the Bank's Board of Directors, and is the entity responsible for the administration of the SERP. Under the terms of the SERP, the Committee has the power to decide all questions of benefit eligibility, and was the entity that denied the payment of SERP benefits to Plaintiff.

7. The SERP is the plan under which Plaintiff is a participant and through which the Bank becomes obligated to pay benefits to Plaintiff. The SERP is joined as a defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure to assure that complete relief can be granted.

## GENERAL ALLEGATIONS

8. Since July 2004, and through December 2012, Plaintiff served as the Bank's President and Chief Executive Officer. In connection with his service, Plaintiff was a participant in several of the Bank's retirement plans, one of which was the SERP.

9. Through the SERP, the Bank has promised Plaintiff lifetime monthly benefit payments upon attaining the retirement age of 65.

10. In November 2012, Plaintiff was induced to execute an agreement that terminated his services with the Bank effective as of December 31, 2012. That agreement contained a waiver of claims that purported to waive all claims Plaintiff might have against the Bank.

11. Plaintiff was denied any opportunity to modify the termination agreement.

12. Plaintiff was assured by the Bank that his pension benefits under the SERP, as with his benefits under several other pension benefit plans in which he was a participant, was unaffected by the waiver of claims.

13. Plaintiff attained age 65 in July 2015 and inquired as to the commencement of his benefits under the SERP. The Bank denied liability under the SERP stating that Plaintiff had waived his SERP benefit in November 2012. Plaintiff filed a claim for benefits under the SERP, and thereafter appealed the Committee's denial of that claim.

14. On July 1, 2004, Plaintiff commenced employment with Bank as the Bank's President and Chief Executive Office. He also then commenced participation in the Bank's profit-sharing 401(k) plan (the "401(k) Plan") and its defined benefit pension plan (the "Pension Plan," with both such plans referred to collectively as the "Qualified Plans"), and the SERP. The SERP contained a benefit formula intended to provide a specified benefit when added to the Pension Plan. The Pension Plan and the SERP were later frozen as of the end of 2008, though benefits that plaintiff had accrued as of December 31, 2008, were preserved and required to be paid upon retirement.

15. Pertinent provisions of the SERP provide that (i) each Participant shall receive benefits that were vested and accrued on or before December 31, 2008, in accordance with the Plan and the applicable Deferred Compensation Agreement (SERP Section 5.1); (ii) a payment election under the Plan is irrevocable (SERP Section 5.2(f)); (iii) a participant's benefit becomes vested and nonforfeitable after the participant has completed five years of service (SERP Section 7.1); (iv) the Compensation Committee charged with administering the Plan shall enforce the Plan in accordance with its terms (SERP Section 8.2); (v) no SERP participant has any right to alienate, anticipate, sell, transfer, commute, pledge, encumber or assign any SERP benefit in any manner whatsoever (SERP

3

Section 9.2); (vi) the Bank may amend, modify or terminate the SERP, but no such change shall have any retroactive effect to reduce any amounts vested and accrued as a SERP benefit (SERP Section 9.4); and (vii) the plan will be construed consistent with the provisions of Internal Revenue Code § 409A (SERP Section 9.6).

16. The SERP is, on its face, a pension benefit plan generally subject to the requirements of ERISA. Because the SERP purports to benefit solely a select group of management or highly compensated employees, it purports to be a "top-hat plan" exempt from many of the detailed provisions of ERISA, such as vesting, funding and certain reporting and disclosure requirements. ERISA §§ 201, 301 and 401, 29 U.S.C. §§ 1051, 1081 and 1101.

17. The Bank froze benefit accruals under both the Pension Plan and the SERP effective December 31, 2008, with the result that Plaintiff's benefit under both such plans, accrued from his date of hire, were frozen as of December 31, 2008.

18. The SERP provides that plaintiff will commence receipt of a monthly pension payment, payable over plaintiff's lifetime, commencing 30 days after plaintiff attains age 65. Plaintiff attained age 65 on July 24, 2015. The amount of the SERP benefit is determined under a formula that is integrated with the benefit under the Pension Plan. Plaintiff's SERP monthly benefit has been calculated by the Bank's actuary to be $8,540.36, though this amount is subject to confirmation. Plaintiff in fact elected that form of benefit, among several alternative optional forms of benefit, on December 30, 2008, by returning to the Bank a completed election form.

19. In November 2012, Plaintiff was informed that Dianne Felton, the Bank's Chairman of the Board, ("Felton") wanted to terminate plaintiff's employment with the Bank effective as of December 31, 2012. Dan Albert, the Chairman of the Committee, ("Albert") presented Plaintiff with a termination agreement (the "Confidential Retirement Agreement and Release of all Claims" or "Agreement"). The Agreement had been drafted solely by the Bank and was expressly represented to Plaintiff by Albert as being "take-it-or-leave-it" and "non-negotiable." The Agreement was presented to Plaintiff on November 21, 2012, one day before the Thanksgiving holiday. Plaintiff was given until the following Friday (two days) to sign the Agreement, effectively denying Plaintiff the opportunity to retain counsel to consider its terms. Contained in the Agreement was a representation

4

that the Bank had paid all amounts owed to plaintiff, including amounts payable under plans subject to ERISA; provided, however, that the Agreement specified several amounts that would be paid after Plaintiff's termination, including a separate deferred compensation plan that, by its terms, paid benefits shortly after Plaintiff's termination of employment. The Agreement made no express mention of any of the three pension benefit plans that did not, by its terms, pay benefits upon, or very shortly after, Plaintiff's termination of employment (namely, the 401(k) Plan, the Pension Plan, and the SERP whose terms were closely integrated with the Pension Plan).

20. In the very short time Plaintiff had to review the Agreement, Plaintiff inquired as to the effect of the Agreement on his benefits under the 401(k) Plan, and the combined and integrated Pension Plan and SERP. To induce Plaintiff to agree to the terms contained in the Agreement without change, Plaintiff was expressly informed by Felton that his benefit under these plans would be unaffected by the Agreement. Relying on this representation, on November 21, 2012, Plaintiff signed the Agreement on the assumption that the Agreement did not apply to any of the pension benefits for which payment were by their nature deferred until retirement age. Later that evening, consistent with this understanding, Dan Albert received an internal email from the Bank's Finance Department describing the Bank's SERP obligation to Plaintiff.

21. On December 31, 2012, plaintiff signed an addendum to the Agreement ("Addendum"), which also stated that the Bank owed no further amounts to Plaintiff which, in context, was true in that benefits under the 401(k) Plan, Pension Plan and SERP were deferred to Plaintiff's retirement. It was unimaginable to Plaintiff that the Bank would cause the forfeiture of any of his pension benefits, particularly after being assured by the Bank that his pensions, including his SERP, were safe, and since the Agreement gave no express indication that his SERP was to be forfeited.

22. All consideration paid to Plaintiff under the Agreement was to compensate Plaintiff for his abrupt termination and his expectation of future earnings that had been agreed upon previously by Plaintiff and the Bank. None of such consideration was intended to compensate Plaintiff for the alleged waiver of his SERP benefit.

5

COMPLAINT (ERISA); CASE NO. _____

23. In May 2015, and in anticipation of his upcoming 65th birthday on July 24, 2015, and the consequent commencement of his monthly SERP benefit, Plaintiff inquired of Judy Ditchey, the Bank's Human Resource Director, ("Ditchey") when Plaintiff would begin receiving his SERP benefit. Plaintiff was told by Ditchey that the Bank had no obligation to pay Plaintiff his SERP benefit because Plaintiff had previously agreed to waive his SERP benefit. This position of the Bank was reiterated in a letter from the Bank's counsel on May 20, 2015.

24. Pursuant to the dispute resolution provisions of the SERP, Plaintiff filed a formal claim for benefits under the SERP with the Committee on or about July 1, 2015. Plaintiff's claim was denied by the Committee on September 28, 2015. Plaintiff filed a timely appeal of the denial on November 4, 2015. This appeal was denied by the Committee by letter dated December 30, 2015. Therefore, Plaintiff has exhausted his administrative remedies.

25. Defendants are entitled to no deference of its decision to deny Plaintiff's claim because (i) the Agreement, as distinct from the SERP document, conferred no such discretionary authority; (ii) the Committee was acting under a conflict of interest because it is controlled by the Bank and the Bank is responsible for funding the benefit claimed by Plaintiff; and (iii) the decision to deny Plaintiff's claim was arbitrary and capricious.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Benefits Due Under the Plan**
**(Against All Defendants)**

26. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Plaintiff adopts and incorporates by reference the averments and allegations of paragraphs 1 through 25, inclusive.

27. By the conduct alleged in paragraphs 1 through 26, all Defendants failed to cause the SERP to pay benefits due under the terms of the SERP, thereby depriving Plaintiff of his duly earned pension, and giving rise to this action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

**SECOND CLAIM FOR RELIEF**
**Equitable Estoppel**
**(Against All Defendants)**

28. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Plaintiff adopts and incorporates by reference the averments and allegations of paragraphs 1 through 27, inclusive.

COMPLAINT (ERISA); CASE NO. _____

29. By the conduct alleged in paragraphs 1 through 27, the Committee and, derivatively, the Bank, either purposefully or negligently led Plaintiff to believe reasonably that all of his various pension benefits, specifically including his SERP benefit, would be unaffected by the Agreement and waiver. Therefore, such defendants are equitably estopped from asserting that Plaintiff waived his SERP benefit by executing the Agreement and subsequent addendum to the Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, on all causes of action,

    a.    For the Bank to honor its prospective obligation under the SERP to commence payment of Plaintiff's SERP benefit in the amount $8,540.36 per month in accordance with the terms of the SERP;

    b.    For the Bank to honor its retroactive obligation under the SERP by paying to Plaintiff all delinquent monthly payments due to be paid after plaintiff had attained age 65, together with appropriate interest;

    c.    For the Bank to pay the Plaintiff's attorneys' fees and costs that Plaintiff has incurred in connection with this matter pursuant to ERISA § 502 (g), 29 U.S.C § 1132 (g);

    d.    For an Order granting such other relief as the Court deems to be equitable, just, and proper.

Date: March 7, 2016                        LOUDERBACK LAW GROUP

                                                    */s/ Charles M. Louderback*
                                                    Charles M. Louderback
                                                    Stacey L. Pratt
                                                    Attorneys for Plaintiff
                                                    STEVEN K. BUSTER

COMPLAINT (ERISA); CASE NO. _____