IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN K. BUSTER,<br><br>    Plaintiff,<br><br>  v.<br><br>COMPENSATION COMMITTEE OF THE BOARD OF DIRECTORS OF MECHANICS BANK; MECHANICS BANK SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN; and MECHANICS BANK, a California Corporation,<br><br>    Defendants. | No. C 16-01146 WHA<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST** |

**INTRODUCTION**

Plaintiff in this ERISA action moves for attorney's fees, costs, and prejudgment interest following judgment in his favor. The motion is **GRANTED**.

**STATEMENT**

The factual and procedural background of this action has been set forth in detail in prior orders (Dkt. Nos. 67, 93, 144) and need not be repeated here. In brief, plaintiff Steven Buster brought this action against defendants Mechanics Bank, its Supplemental Executive Retirement Plan (SERP), and the compensation committee of its board of directors to recover SERP benefits under the Employee Retirement Income Security Act of 1974. After a prior order denied both sides' cross-motions for summary judgment, this action proceeded to a bench trial on the administrative record (Dkt. No. 93).

An order after the bench trial found that the bank owed Buster all benefits sought herein (Dkt. No. 144). Judgment was entered accordingly (Dkt. No. 147). The bank has appealed (Dkt. No. 148). Buster now moves for attorney's fees, costs, and prejudgment interest (Dkt. No. 150). This order follows full briefing and oral argument.

**ANALYSIS**

**1.   ATTORNEY'S FEES.**

Section 1132(g)(1) of Title 29 of the United States Code provides, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The Supreme Court has held that "a fee claimant need not be a 'prevailing party'" but "must show 'some degree of success on the merits' before a court may award attorney's fees under [Section] 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252, 255 (2010). Our court of appeals has further explained that, "absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 590 (9th Cir. 1984).

In our circuit, a court exercising its discretion under Section 1132(g)(1) should consider, among other things, "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

Here, Buster undoubtedly achieved "some degree of success on the merits." This order therefore turns to the *Hummell* factors.

**A.   Culpability or Bad Faith.**

The July 14 order setting forth findings of fact and conclusions of law after the bench trial described in detail the evidentiary record revealing the bank's culpability in this dispute, including the unreasonableness of its litigation positions (*see* Dkt. No. 144). The bank points out that it disagrees with that order (Dkt. No. 155 at 5). That disagreement will be considered

by our court of appeals in due course (*see* Dkt. No. 148). For now, however, the findings and conclusions set forth in that order more than adequately demonstrate that this factor weighs in favor of granting attorney's fees.

### B. Ability to Pay.

The bank concedes it "has sufficient financial resources to satisfy an attorney's fees award in the amount requested" (Dkt. No. 155 at 6). This factor also weighs in favor of granting attorney's fees.

### C. Deterrence.

The bank's opposition to the instant motion does not address the deterrence factor head-on but merely rehashes the argument that the bank reasonably handled Buster's claim for benefits and reasonably defended this litigation (*ibid.*). As explained in the July 14 order, this argument is unpersuasive. An award of attorney's fees here, particularly one that acknowledges the bank's misconduct and unreasonable arguments, would likely deter other employers tempted to shortchange their employees' retirement benefits under similar circumstances. This factor also weighs in favor of granting attorney's fees.

### D. Benefitting Others.

Although Buster essentially argues that his victory here will coincidentally benefit other individuals insofar as it will encourage the bank to behave more scrupulously (*see* Dkt. No. 150 at 10–11), the bottom line remains that he brought this action solely for his own benefit. In doing so, however, he raised novel and significant questions of ERISA law — including, for example, whether "the administrator of a top-hat plan could escape the reach of equitable remedies under Section 502(a)(3) simply because it was exempt from the higher fiduciary standard of care" (*see* Dkt. No. 67 at 8).

The bank counters that "the Court's final determination and Order did *not* reach any conclusions with regard to those [equitable] claims" (Dkt. No. 155 at 7). This argument misses the point. *First*, this *Hummell* factor considers whether Buster "sought to . . . resolve a significant legal question regarding ERISA," not whether the "significant legal question" persisted through the end of the case. *Hummell*, 634 F.2d at 453. *Second*, the specific

3

aforementioned legal question about the applicability of equitable remedies to top-hat plan administrators was resolved on a motion to dismiss (*see* Dkt. No. 67). That resolution is no less meaningful for having occurred before a final decision on the merits. In short, this factor weighs slightly in favor of granting attorney's fees.

### E. Relative Merits.

As explained in the July 14 order, the relative merits of this case weigh in Buster's favor. The bank simply reiterates that it "disagree[s] with a number of the findings and conclusions reached in the Court's Order, and intend[s] to challenge those findings and conclusions on appeal" (Dkt. No. 155 at 7). Again, our court of appeals will consider that disagreement in due course. For now, however, this factor weighs in favor of granting attorney's fees.

In summary, the *Hummell* factors, taken as a whole, weigh in favor of granting attorney's fees. This order decides only the question of entitlement to fees. A companion order will set forth the procedure to determine the appropriate amount of the fee award.[*]

### 2. PREJUDGMENT INTEREST.

"A district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 627–28 (9th Cir. 2007) (citations omitted). "Prejudgment interest is an element of compensation, not a penalty." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). "Whether interest will be awarded is a question of fairness . . . to be answered by balancing the equities." *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 750 F.2d 1456, 1465 (9th Cir. 1985) (quotation and citation omitted). Generally, the interest rate prescribed for postjudgment interest under Section 1961 of Title 28 of the United States Code is appropriate for fixing the rate of prejudgment interest unless the district court finds, on substantial evidence, that the equities of a particular case require a different rate. *Blankenship*, 486 F.3d at 628.

---

[*] Buster also requests $16,267.35 in litigation costs (Dkt. No. 150 at 23). The bank does not challenge this request. The Clerk's Office taxed costs in the amount of $14,386.66 (Dkt. No. 165). This order does not disturb that decision.

4

Buster seeks prejudgment interest based on the rates prescribed under Section 1961, compounded monthly (Dkt. No. 150 at 25). Under those conditions, Buster's counsel calculates the total amount of prejudgment interest owed to be $1,387.90 (*see* Dk. No. 150-2). The bank challenges neither Buster's request for prejudgment interest nor his counsel's calculation of the amount. This order concludes that the balance of equities supports an award of prejudgment interest in the amount requested.

## CONCLUSION

To the extent stated above, plaintiff's motion for attorney's fees, costs, and prejudgment interest is **GRANTED**. Plaintiff is hereby awarded **$1,387.90** in prejudgment interest. With respect to attorney's fees, as stated, this order decides only the question of entitlement. A companion order will set forth the procedure to determine the appropriate amount of the award.

**IT IS SO ORDERED.**

Dated: October 2, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE